# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| DUSTIN M. WISE, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:22-cv-00063 |
| A-1 COLLECTION AGENCY, LLC, | JURY TRIAL DEMANDED |
| Defendant, | |

## COMPLAINT

**NOW COMES** DUSTIN M. WISE ("Plaintiff"), by and through his undersigned attorney, complaining as to the conduct of A-1 COLLECTION AGENCY, LLC, ("A-1") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for A-1's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.*, Regulation F pursuant to 12 CFR 1006 *et seq.*, and the Colorado Consumer Protection Act ("CCPA") pursuant to Co. Rev. Stat. §6-1 *et seq.* (2016).

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the state of Colorado, A-1 conducts business in the state of Colorado, and a substantial portion of the events or omissions giving rise to the claims occurred within the state of Colorado.

1

**PARTIES**

4. DUSTIN M. WISE ("Plaintiff") is a consumer and natural person over 18-years-of-age who, at all times relevant resided in Grand Junction, Colorado.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. A-1 COLLECTION AGENCY, LLC ("A-1") is a collection agency with the primary purpose of collecting or attempting to collect consumer debts owed or allegedly owed to others. A-1 is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and/or telephone, including consumers in the state of Colorado.

7. A-1's principal office is located at 715 Horizon Drive, Suite 401, Grand Junction, Colorado 81506.

8. A-1 acted through its agents, vendors, employees, officers, members, directors, heirs, successors, assigned, principals, trustees, sureties, third-party contractors, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. At some point, Plaintiff received medical services, incurring a balance.

10. When the balance went unpaid, A-1 acquired the right to collect on Plaintiff's past-due balance ("subject debt").

11. On June 15, 2021, A-1 sued Plaintiff for the past-due balance and received a judgment against Plaintiff in the amount of $848.27 plus interest accruing at eight percent per annum.

12. On June 21, 2021, Plaintiff made a payment in the amount of $100.00, decreasing his balance to $748.27 plus interest.

13. On September 22, 2021, Plaintiff made a payment in the amount of $100.00, decreasing his balance to $648.27 plus interest.

14. On January 4, 2022, Plaintiff placed a phone call to A-1 to make his next payment on the subject debt.

15. At that time, A-1 informed Plaintiff that his current balance was approximately $800.00.

16. When Plaintiff asked the reason for the drastic increase, A-1 stated that the difference between what Plaintiff believes he owed and his actual balance was due to interest.

17. Plaintiff could not believe that the eight percent per annum interest accruing from June 2021 to present would amount to almost $150.00, so he sought counsel to determine his rights.

## DAMAGES

18. A-1's wanton and malicious conduct has severely affected Plaintiff's daily life and general well-being.

19. Plaintiff has expended time consulting with his attorneys as a result of A-1's unfair, deceptive, and misleading actions.

20. Plaintiff was unduly inconvenienced and harassed by A-1's unlawful attempts to collect an incorrect amount regarding the subject debt.

21. A-1's activities have caused Plaintiff actual harm, including but not limited to, emotional distress, anxiety, embarrassment, monetary losses, and loss of concentration.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (15 U.S.C. §1692 ET SEQ.)

22. Plaintiff restates and realleges all previous paragraphs of this Complaint as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

24. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

25. A-1 is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts which it regularly collects and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

26. Moreover, A-1 is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

27. A-1's credit reporting was made in connection with collection of the subject debt.

**a.  Violations of FDCPA § 1692e**

28. Pursuant to § 1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. §1692e.

29. Section 1692e(2) of the FDCPA prohibits a debt collector from the "false representation of (a) the character, amount, or legal status of any debt." 15 U.S.C. §1692e(2).

30. A-1 violated §§1692e and e(2) when it attempted to charge Plaintiff an amount in excess of the court-ordered judgment.

31. As pled above, A-1 advised Plaintiff that the additional charges were due to interest.

32. As pled above, the interest from the court order is eight percent *per annum*, meaning per year.

33. As such, eight percent per annum interest on the *full* amount of $848.27 would only amount to approximately $30.00.

34. Additionally, Plaintiff has made payments in the total amount of $200.00 since the court order awarding judgment to A-1, decreasing the principal balance to only $648.27.

35. A-1's behavior in attempting to charge Plaintiff an amount in excess of the judgment against him is deceptive and misleading.

36. As pled above, Plaintiff has been harmed and suffered damages as a result of A-1's illegal actions.

**WHEREFORE**, Plaintiff, DUSTIN M. WISE, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

d. Award any other relief as the Honorable Court deems just and proper.

## COUNT II
### VIOLATIONS OF REGULATION F
### (12 CFR 1600 *ET SEQ.*)

37. Plaintiff restates and realleges all paragraphs of this Complaint as through fully set forth herein.

38. Section 1006.18(b)(2) prohibits a debt collector from falsely representing "the character, amount, or legal status of any debt." 12 CFR § 1006.18(b)(2).

39. A-1 violated §1006.18(b)(2) by misrepresenting to Plaintiff the amount owed on subject debt.

5

40. Specifically, A-1 is attempting to charge Plaintiff well over the judgment amount plus interest that Plaintiff truthfully owes – to the tune of almost a $150 difference between what is actually owed and what A-1 is attempting to charge Plaintiff.

41. A-1's deceptive and misleading behavior harmed Plaintiff and stripped him of his rights under the FDCPA and Regulation F.

**WHEREFORE**, Plaintiff, DUSTIN M. WISE, respectfully requests that this Honorable Court:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute, thus violating the Fair Debt Collection Practices Act;

    b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

    d. Award any other relief as the Honorable Court deems just and proper.

## COUNT III
### VIOLATIONS OF THE COLORADO CONSUMER PROTECTION ACT
### (CO. STAT. REV. §6-1 *ET SEQ.*)

42. Plaintiff restates and realleges all paragraphs of this Complaint as through fully set forth herein.

43. To prevail on a Colorado Consumer Protection Act ("CCPA") claim, "a plaintiff must show: (1) that the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered injury in fact to a legally protected interest; and (5) that

the challenged practice caused the plaintiff's injury." *Kelly v. Wolpoff & Abramson, L.L.P.*, 2007 U.S. Dist. LEXIS 60528, at *25 (D. Col. 2007).

44. Co. Rev. Stat. §6-1-113 (2016) allows a "civil action for any claim against any person who has engaged in or caused another to engage in any deceptive trade practice listed in this article." Co. Rev. Stat. §6-1-113 (2016).

45. A-1 violated the CCPA by attempting to collect an amount in excess of the court-granted judgment amount.

46. Specifically, Plaintiff made payments toward the subject debt in the amount of $200.00, and the balance due was *still* almost the full principal balance which the Plaintiff originally owed.

47. Even *in arguendo* that interest was added based on the entire amount of Plaintiff's judgment amount, it would still only an approximate increase of $30.

48. However, Plaintiff is attempting to collect approximately $800 – more than $150 more than Plaintiff actually owes.

49. A-1's conduct as outlined herein was patently unfair and caused Plaintiff serious injury.

50. Plaintiff had no choice but to submit to A-1's abusive and harmful conduct as outlined herein.

51. Plaintiff's experience with A-1 as set forth herein is not unique to Plaintiff as A-1 systemically abuses consumers in Colorado. A cursory investigation of A-1 reveals that A-1 is regularly sued in Colorado for the identical conduct complained of herein.

**WHEREFORE**, Claimant, DUSTIN M. WISE, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the CCPA;

b. Entry of judgment in Plaintiff's favor and against A-1 for violations of the CCPA;

c. Award Plaintiff actual damages;

d. Award Plaintiff punitive damages;

e. Award Plaintiff costs and reasonable attorney fees; and

f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: January 10, 2022                                  Respectfully Submitted,

**DUSTIN M. WISE**

By: */s/ Jennifer Ann McLaughlin*

Jennifer Ann McLaughlin, Esq.
Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
jmclaughlin@sulaimanlaw.com
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com
mdaher@sulaimanlaw.com